# SUPREME JUDICIAL COURT

## JANUARY TERM 1862, AT BOSTON.

PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. PLINY MERRICK, } Justices.
Hon. EBENEZER R. HOAR,
Hon. REUBEN A. CHAPMAN,

## ESSEX COUNTY.

### ANN HADDOCK *vs.* THE BOSTON AND MAINE RAILROAD.

Declarations of a deceased mother that her child was born before her marriage, and corroborating statements by her of the circumstances and history of her life, are competent evidence to prove that the child was illegitimate; but evidence of a general reputation that the child was illegitimate is not competent.

WRIT OF ENTRY. The demandant claimed under her mother, Betsey Frink, who was the daughter of Sarah Pendergrass, a former owner of the premises.

At the trial in the superior court, before *Putnam*, J., it appeared that Sarah Pendergrass and Betsey Frink were both dead, and the demandant introduced evidence, without objection, to show that they lived together as mother and daughter,

and that Sarah said that she had been married twice, though she did not say to whom, and that Betsey was her daughter; but there was no evidence that anybody actually knew of her marriage, or had known of her living with a husband.

The tenants offered evidence to prove a general reputation that Betsey was illegitimate; but the judge excluded it.   The defendants then called as a witness Sally Goodrich, who testified that Sarah had often spoken to her of Betsey's illegitimacy, and related the history of her own life; that she said that she came to this country in the war of the Revolution, having eloped with a servant in her father's family to whom she was never married; that she afterwards went into a family in West Haverhill and became intimate with one of the sons, and the result of the intimacy was her pregnancy with Betsey Frink, and the family, as soon as they discovered her condition, turned against her, and she never married, and hardly cared after that what became of her.

The judge in the charge to the jury instructed them that, in determining the question of Betsey's legitimacy, they should give no weight to the declarations of the mother, as testified to by Goodrich, as they were incompetent.   After the charge was finished, the counsel for the demandant said that he objected to all declarations which were mere recitals of facts, and a narrative of the circumstances of the life of the mother, and not made for the purpose of affecting the rights and interests of her daughter; and the judge thereupon expressed his assent to this qualification.

The jury returned a verdict for the demandant, and the tenants alleged exceptions.

*H. Carter*, for the tenants.

*D. Saunders, Jr.*, for the demandant.

METCALF, J.   The evidence which was offered by the demandant at the trial, to prove that her mother, Betsey Frink, was the daughter of Sarah Pendergrass, was admitted without objection thereto by the tenants, and must now be supposed to have satisfied the jury of that fact.   Assuming that fact, one of the questions in the case is, whether the jury were rightly

instructed that the said Sarah's declarations as to the illegitimacy of the demandant's mother were incompetent evidence to which no weight should be given. The court are of opinion that this instruction was wrong.

If Sarah Pendergrass were alive she would be competent, in the trial of a case involving her daughter's legitimacy, to testify to her illegitimacy, by testifying that she (Sarah) was neve lawfully married. *Raynham* v. *Canton*, 3 Pick. 293. *Standen* v. *Edwards*, 1 Ves. Jr. 133. *The King* v. *Bramley*, 6 T. R. 330. In this last case, it was said by Lord Kenyon that parents may be called as witnesses to prove their children illegitimate, as well as to prove them legitimate. That remark is true when applied to that case, and to the present case. When a witness, acknowledged or proved to be the parent of a child whose legitimacy is in question, is called to prove the child's illegitimacy, such witness may prove it by testifying that he or she was not married before the birth of the child. But the remark must be confined to cases of children not born in lawful wedlock. When parties are lawfully married, neither of them can be allowed to testify that the offspring of the mother is spurious. Cowp. 592, by Lord Mansfield. *Canton* v. *Bentley*, 11 Mass. 442, 443. 1 Greenl. Ev. §§ 253, 344.

Sarah Pendergrass being dead, her declarations that her daughter was illegitimate were admissible, as proof of pedigree. This precise point was adjudged in *Goodright* v. *Moss*, Cowp. 591. That was an action of ejectment, in which the only question was, whether the lessor of the plaintiff was the legitimate son of Francis and Mary S., or was born of Mary before her marriage to Francis. At the trial, the defendants offered witnesses to general declarations of Francis and Mary (both deceased) that the plaintiff's lessor was born and privately baptized before the marriage; also an answer that Mary had made to a bill in chancery, in which she declared that he was born before her marriage. Both of these matters of evidence were excluded; but a new trial was granted for the reason that they ought to have been admitted.

We understand, from the concluding part of this bill of

Haddock *v.* Boston and Maine Railroad.

exceptions, that the court, at the suggestion of the demandant's counsel, assented to a change in the instructions that had been given, so far as to authorize the jury to take into consideration as competent evidence the testimony of Sarah Goodrich to the bare declarations of Sarah Pendergrass that her daughter was illegitimate, excluding from their consideration the other parts of her testimony. But this does not relieve the demandant's case For we are of opinion that the whole of her testimony was competent. The whole of it was received at the trial, without any objection from the counsel of the demandant, until the court had instructed the jury that all of it was incompetent and to be disregarded, when the counsel interposed and desired that only the narrative part thereof should be declared incompetent. The counsel seems to have thought then, as we think now, that the jury had been misinstructed, and therefore he sought for such a modification of the instructions as might possibly prevent the tenants from obtaining a new trial, if the jury should find against them.

The other question in the case is, whether the testimony offered by the tenants to prove a general reputation that the demandant's mother was an illegitimate child of Sarah Pendergrass was rightly excluded. We think it was. And the tenants' counsel has not attempted to support the exception taken to its exclusion.

The admission of hearsay to prove the pedigree of a person is restricted to the declarations of deceased persons who were related to him by blood or marriage. 1 Greenl. Ev. § 103, and cases there collected. And "reputation," says Le Blanc, J., (10 East, 120) "is no other than the hearsay of those who may be supposed to have been acquainted with the fact, handed down from one to another." *Exceptions sustained.*